**ELROY ENTERPRISES, INC., Plaintiff,**

v.

**ROADWAY EXPRESS, INC.,**
**Defendant.**

**No. CV 90–0148.**

United States District Court,
E.D. New York.

Aug. 22, 1990.

Salamon, Gruber & Blaymore, P.C., Roslyn Heights, N.Y., for plaintiff.

Kroll & Tract, Hyman Hillenbrand and Barry N. Gutterman, of counsel, New York City, for defendant.

MEMORANDUM OF DECISION
AND ORDER

MISHLER, District Judge.

Defendant moves for summary judgment, dismissing the complaint. Plaintiff opposes the motion.

## BACKGROUND

The following facts are undisputed or conceded:

Plaintiff, Elroy Enterprises, Inc. ("Elroy"), is a New York corporation. Defendant, Roadway Express, Inc. ("Roadway"), is an interstate motor carrier engaged in the business of transporting goods.

In May 1987, Elroy and Roadway entered into an agreement whereby Roadway was to ship cartons containing records and tapes from Port Washington, New York, to WEA Central Returns ("WEA") in Bensonville, Illinois. The two shipments were delivered to WEA on May 12 and 21, 1987. WEA executed delivery receipts, noting that the shipments were "received subject to count and examination." (Roadway's 3(g) statement, Exhs. C and D).

On or about August 6, 1987, WEA advised Elroy that some cartons had been lost and that Elroy should file a notice of claim with Roadway. According to Elroy, WEA also stated that it had notified Roadway of the missing cartons. (Elroy's 3(g) statement, ¶ 4). However, appended to Elroy's 3(g) statement as Exhibit A is a notice from WEA which states that, in May 1987, its Bensonville office notified *Elroy* (not Roadway) of the shortage.

The Uniform Straight Bill of Lading ("bill of lading"), which evidences the agreement between Elroy and Roadway, contains the following provision, prescribed and approved by the Interstate Commerce Commission ("ICC"):

As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property ... or, in the case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suit shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

Uniform Straight Bill of Lading, Terms and Conditions, Section 2B. *See* Russell Aff., Exh. A (copy of Section 2B appended).

Kenneth Cocharine, accounts payable clerk for Elroy, states that he mailed a copy of Elroy's notice of claim to Roadway on or about January 26, 1988. Each time Roadway receives a notice of claim, it must register the claim in its records and acknowledge receipt of the notice, in writing, to the claimant. This procedure is mandated by 49 C.F.R. § 1005.3.[1] *See also* Smith Aff. ¶ 10 and Exh. H. Roadway's records reveal that it received a written claim from Elroy on April 18, 1988. This claim had been mailed to them on April 11, 1988, by Margie Russell, a sales representative in Roadway's Deer Park, New York, office. Russell received the written claim on April 6, 1988, when it was hand-delivered to her at Elroy's Port Washington office. Roadway's records therefore state that the notice of claim was filed on April 6, 1988.

On August 23, 1988, Roadway disallowed Elroy's claim on the ground that it was not timely filed.

Elroy commenced this action in the Supreme Court of New York, Nassau County, on January 3, 1990. Roadway removed the action to this court on January 16, 1990. Roadway moves for summary judgment on the ground that Elroy failed to file a notice of claim within the required time period.

## DISCUSSION

■ Summary judgment is proper when no material questions of fact remain to be decided by the factfinder; the movant

---

1. 49 C.F.R. § 1005.3(a) provides that the carrier must acknowledge receipt of a claim in writing within 30 days of receiving the notice.

49 C.F.R. § 1005.3(b) requires, *inter alia*, that the carrier create a file for each claim, to which the carrier must assign a successive claim file number.

bears the burden of establishing the absence of any genuine issues of material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). The nonmovant's evidence is to be believed, and all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Thompson, supra.*

When the nonmovant bears the burden of proof on an issue, the movant can discharge the burden imposed by Rule 56(c) by showing that there is no proof to support the nonmovant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the movant is able to do this, the burden shifts to the nonmovant, who must produce some evidence which shows that a genuine issue of material fact remains to be decided. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Plaintiff maintains that two factual issues remain to be decided:

1. Whether Roadway received Elroy's notice of claim in January, within the nine-month period for filing claims.

2. Whether the "reasonable time for delivery" clause set forth in the bill of lading extended the nine-month period for filing claims, thus making the April 6, 1988, delivery of the original notice of claim timely.

The issues before us are governed by federal law:

[S]ince [the bill of lading] was issued in respect of an interstate shipment pursuant to an act of Congress, the bill of lading is an instrumentality of such commerce, and the question whether its provisions have been complied with is a federal question to be determined by the application of federal law.

*Chesapeake & Ohio Ry. Co. v. Martin,* 283 U.S. 209, 213, 51 S.Ct. 453, 455, 75 L.Ed. 983 (1931).

Compliance with the terms of the bill of lading is mandatory. *B.A. Walterman Co. v. Pennsylvania R.R. Co.,* 295 F.2d 627 (6th Cir.1961) (per curiam). *Cf. Chesapeake, supra,* 283 U.S. at 212–13, 51 S.Ct. at 454–55 (provisions in bill of lading authorized by federal statute are valid and applicable); *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 904 n. 7 (2d Cir. 1980), *cert. denied,* 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981) (ICC regulations apply to all claims filed against interstate carriers).

### *Roadway's receipt of Elroy's notice of claim*

For purposes of our discussion we assume that Elroy mailed a notice of claim to Roadway on or about January 26, 1988.

The word "filed," as used in Section 2B of the bill of lading, is defined in the traditional legal sense of the word. *Pathway Bellows, Inc. v. Blanchette, supra,* 630 F.2d at 902 (Notice of claim mailed on last day of the nine-month period for filing, and received one day later, was not timely filed). That is, "a paper will not be considered 'filed' until it has been delivered to and received by the party with whom it is to be filed." *Id.* (citations omitted).

The mailing of the notice of claim on or about January 26, 1988, does not satisfy the filing requirement in the bill of lading. There is no question regarding this issue. Roadway has provided the court with uncontroverted proof that the notice of claim was not filed until April 6, 1988, when it was hand-delivered to a Roadway employee. *See* Russell Aff., ¶ 3. The affidavit of Dennis L. Smith, claims analyst-legal for Roadway, details the recordkeeping procedures followed by Roadway in tracking and handling written claims filed with the company. Smith Aff., ¶ 11. Smith state that he searched the business records of Roadway, and they show that Roadway did not receive a written notice of claim from Elroy until April 1988. Smith Aff., ¶¶ 2, 9–11.

No question of fact remains to be decided on the issue of when Roadway received Elroy's notice of claim.

*Reasonable time for delivery*

Elroy argues that the April 6, 1988, filing falls within the nine-month period specified in Section 2B of the bill of lading because that nine-month period did not begin to run until August 6, 1987, when WEA notified Elroy it could not issue a credit to Elroy, as it did not receive the complete shipment from Roadway.[2]

Roadway notes that WEA "claimed a shortage of 20 cartons on the May 12, 1987, shipment, and a shortage of 27 cartons on the May 21, 1987, shipment." (Roadway's 3(g) statement, ¶ 11). Roadway does not provide the court with the basis of this knowledge. However, even if WEA had directly notified Roadway of the shortages, "notations of shortage" do not constitute claims. 49 C.F.R. § 1005.2(c). *See Pathway Bellows, supra,* at 904. *See also* 49 C.F.R. § 1005.2(b).[3]

Even if it were true that Elroy first learned of the shortages in August 1987, this does not mean that the nine-month period within which to file a notice of claim began at that time.

Section 2B of the bill of lading provides that, "in case of failure to make delivery," the time within which claims must be filed is "within nine months after a reasonable time for delivery has elapsed." In *Chesapeake, supra,* the Supreme Court found:

> What constitutes a reasonable time [for delivery] depends upon the circumstances of the particular case. As applied to a case like this [carload of potatoes shipped by two common carriers], it means such time as is necessary conveniently to transport and make delivery of the shipment in the ordinary course of business, in light of the circumstances and conditions surrounding the transaction.

283 U.S. at 213, 51 S.Ct. at 455.

We state without reservation that, considering the circumstances of this case, wherein a shipping contract provides for goods to be shipped by common carrier from New York to Illinois, the nearly three-month period suggested by plaintiff is not a reasonable time for delivery. *Id.,* 283 U.S. at 216, 51 S.Ct. at 456 (district court's ruling—to the effect that a jury could find 20 days constituted a reasonable time for delivery—was erroneous. At most, delivery would reasonably have taken 8 days).

We find, as a matter of law, that Roadway's transportation schedules establish the reasonable time for delivery. *See* Smith Aff., Exh. E. The schedule shows that delivery to the Bensonville, Illinois, area generally takes four days.

Plaintiff does not submit proof which tends to show that delivery would have, reasonably, taken longer than the scheduled time. Elroy merely asserts that a genuine question exists on the issue of what constitutes a reasonable time for delivery. "[P]laintiff may not defeat a motion for summary judgment merely by pointing to a potential issue of fact; there must be a genuine issue of material fact." *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988), citing *Liberty Lobby, supra,* 477 U.S. at 247, 106 S.Ct. at 2505.

Roadway has shown to the court that no material factual questions remain to be decided by the trier of fact. Summary judgment is, therefore, proper.

### ORDER

Defendant's motion for summary judgment dismissing the complaint is granted.

SO ORDERED.

The Clerk is directed to enter judgment in favor of the defendant, Roadway Ex-

---

**2.** As noted previously, Elroy asserts that WEA maintained that Roadway had been notified of the shortages in May 1987; however, the communication from WEA to Elroy (Elroy's 3(g) statement, Exh. A) states that WEA "did notify *Elroy* of this shortage in May 1987." (Emphasis added).

**3.** 49 C.F.R. § 1005.2(b) provides that, in filing a claim a claimant must set forth (1) "facts sufficient to identify the ... shipment ...," (2) assert "liability for alleged loss, damage, injury, or delay," and (3) make "claim for the payment of a specified or determinable amount of money." These are minimum requirements.

press, Inc., and against plaintiff Elroy Enterprises, Inc., dismissing the complaint.