United States Court of Appeals,

Eleventh Circuit.

No. 94-4440.

Harry N. KONST, Kalianthe Konst, his wife, Plaintiffs-Appellants,

v.

FLORIDA EAST COAST RAILWAY COMPANY, a/k/a Florida Express
Carrier, Inc., a/k/a F.E.C. Railway Company, a/k/a F.E.C. Highway
Dispatch Company, Defendant-Appellee.

Jan. 4, 1996.

Appeal from the United States District Court for the Southern
District of Florida. (No. 91-8737-CV-EBD), Edward B. Davis, Judge.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and FAY,
Senior Circuit Judge.

ANDERSON, Circuit Judge:

The common law has long recognized a rebuttable presumption
that an item properly mailed was received by the addressee. *Nunley
v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir.1995). The
"presumption of receipt" arises upon proof that the item was
properly addressed, had sufficient postage, and was deposited in
the mail. The presumption is, of course, rebuttable.[1] The single
issue raised in this appeal is whether the presumption can be
invoked by railway customers attempting to prove they "filed" a
claim with a rail carrier.

[1] The presumption so arising is not a conclusive presumption
of law, but a mere inference of fact, founded on the
probability that the officers of the government will do
their duty and the usual course of business; and, when
it is opposed by evidence that the letters never were
received, must be weighed with all the other
circumstances of the case, by the jury in determining
whether the letters were actually received or not.

*Rosenthal v. Walker,* 111 U.S. 185, 193-94, 4 S.Ct. 382, 386,
28 L.Ed. 395 (1884) (citations omitted).

This case is on appeal from the district court's order granting the defendants' motion for summary judgment. Thus, we will review the grant of summary judgment de novo applying the same legal standard applied by the district court in the first instance. *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386 (11th Cir.), *modified on other grounds and reh'g denied,* 30 F.3d 1347 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 900, 130 L.Ed.2d 784 (1995). Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In March of 1990, appellants Harry and Kalianthe Konst ("the Konsts") contracted for the shipment of their furniture by rail from Tucson, Arizona, to Jupiter, Florida. Mr. Konst signed a bill of lading which constituted the contract of carriage. Section 2(b) of the bill of lading required that any claim for damages be filed with either the delivering or receiving rail carrier within nine months after delivery of the shipment to its destination.[2]

---

[2]Section 2(b) of the bill of lading, a Domestic Uniform Bill of Lading (according to the defendants), reads as follows:

> As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property....

The Konsts received their belongings on March 21, 1990, after having sustained heavy water damage in transit. Under the bill of lading, the Konsts had until December 21, 1990 (nine months) to file their claim with one of the rail carriers. In this case, the "receiving" rail carrier was Southern Pacific Transportation Company ("SP") and the "delivering" rail carrier was Florida East Coast Railway Company ("FEC"). Both are defendants-appellees. Both SP and FEC deny receiving a timely claim.[3] The Konsts argue that their claim should be deemed filed because they mailed a claim[4] on September 10, 1990, well within the nine month period, to SP at an address in San Francisco, California.

In their Memorandum in Opposition to Summary Judgment and in another document filed with the court entitled "Concise Statement of Material Facts Which Create an Issue," the Konsts asserted that the September 10, 1990, letter along with an attached loss and damage claim form were filed with SP.[5] Both pleadings were signed by Mr. Konst himself because the Konsts were proceeding *pro se* at

_____

This is a standard bill of lading and conforms to the Carmack Amendment which requires, in relevant part, that "a carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it...." 49 U.S.C. § 11707(e).

[3]On January 2, 1991, FEC and SP received a claim from the Konsts dated December 17, 1990. The Konsts do not contend that this claim, which was apparently not received until 12 days after the nine month deadline, was timely filed.

[4]On appeal, the defendant-appellees do not contend that the September claim for damages claim was inadequate.

[5]The September letter is addressed to "Southern Pacific Transportation Co., Attention: Freight Claims Dept., One Market Plaza, San Francisco, California, 94105." The claims form bears the same address. The appellees do not contend on appeal that the address was erroneous.

the time.  The defendants filed the affidavit of Byron MacDonald, an employee working in SP's Denver Claims Department.  The affidavit stated that it was MacDonald's responsibility to "acquire each and every document involved in the carriage of a shipment which pertains to a freight claim case," that he searched his files, that he did not find the Konst's September 10 form, and that the company never received that form.

The defendants moved for summary judgment on the grounds that no claim form had been timely filed.  The magistrate judge entered an order denying the defendants' summary judgment on the grounds that the Konsts had invoked the presumption of receipt by setting forth facts in two of their pleadings, both of which were signed by Mr. Konst.  The district court, although initially adopting the magistrate judge's report and recommendation, rejected the argument on motion for reconsideration and held that the presumption should not apply in this context where a bill of lading requires a claim to be "filed" with a carrier.

On appeal, the appellees do not contend that the Konsts did not set forth facts sufficient to raise the presumption.  Rather, the appellees argue that the presumption is not applicable in the instant context—i.e., where the "applicable federal regulation requires that claims be *filed* with the carrier."  The appellees argue that delivery can never be sufficient to constitute filing. We are not persuaded by this argument.

The federal regulations governing the minimum requirements for making a damages claim against a common carrier describe the

process as "filing" a claim.[6]  However, the same regulations indicate that *it is the receipt* of the claim by the carrier, not the physical filing of the claim, which triggers the carriers' responsibilities to the claimant.  The regulations establish the following:  (1) the duty to acknowledge the receipt in writing or electronically within 30 days after the date of its receipt, 49 C.F.R. § 1005.3(a);  (2) the duty to create a separate file, 49 C.F.R. § 1005.3(b);  (3) the duty to cause the date of receipt to be recorded on the face of the claim;  (4) the duty to "cause the claim file number to be noted on the shipping order", 49 C.F.R. § 1005.3(b)[7];  (5) the duty promptly to investigate the claim if such has not been done prior to receipt of the claim, 49 C.F.R. § 1005.4(a);  (6) the duty to "pay, decline or make a firm compromise settlement offer in writing or electronically to the claimant within 120 days after receipt of the claim," 49 C.F.R. § 1005.5(a); and (7) the duty to record the amount of money and other details relevant to shipments which were salvaged, 49 C.F.R. § 1005.6(c). Because receipt triggers all of the carriers' duties toward the claimant under the federal regulations, we construe the word "filing" in the bill of lading to mean receipt.  This construction is consistent with *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 902 (2d Cir.1980), *cert. denied,* 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981), which held that filing of a damages claim

[6]49 C.F.R. § 1005.2, entitled "Filing of Claims," uses that term several times.

[7]Although this portion of the subsection does not contain the phrase:  "at the time such claim is received," such a requirement can be inferred from the structure of the subsection as a whole.

with a common carrier occurs when the claim has been delivered to and received by the carrier.[8]

Having determined that the governing regulations contemplate receipt as the trigger for processing a claim, we see no reason that the presumption of receipt should not apply in this case.[9] It is simply a traditional means of weighing evidence in order to determine whether receipt occurred. The presumption is applied in many different contexts. *See Nunley v. City of Los Angeles,* 52 F.3d 792 (9th Cir.1995) (presumption used to determine whether party entitled to receive notice of final judgment or order had not received notice within twenty-one days and, thus, could invoke Fed.R.App.P. 4(a)(6) which allows a district judge to extend time to file notice of appeal); *Wiley v. United States,* 20 F.3d 222 (6th Cir.1994) (presumption applied to determine whether IRS sent taxpayer statutorily required notice of tax deficiency); *American Casualty Reading Pa. v. Nordic Leasing, Inc.,* 42 F.3d 725, 734 (2d Cir.1994) (presumption invoked to determine whether particular notice from insurer, required under Vermont insurance law, was received by Department of Motor Vehicles); *Godfrey v. United*

_____

[8]At the initial stages of this litigation, the defendants contended that *Pathway Bellows* supported their proposition because it held that the date of mailing was not the date of filing. However, the issue here is not whether mailing itself is tantamount to filing for the purposes of determining the date a claim is failed. Rather, the issue is whether a claimant can invoke the presumption of receipt when filing is required.

[9]In doing so we expressly decline to follow the guidance of the cases cited by the appellees—*Elroy Enterprises, Inc. v. Roadway Express, Inc.,* 746 F.Supp. 284 (E.D.N.Y.1990), and *Schaffer v. Pennsylvania R. Co.,* 127 N.Y.S.2d 466 (N.Y.Mun.Ct., 1950), *aff'd,* 127 N.Y.S.2d 468 (N.Y.App. Term 1952)—to the extent those cases can be read to hold otherwise.

*States,* 997 F.2d 335 (7th Cir.1993) (noting government entitled to rebuttable presumption in determining whether IRS mailed taxpayer's refund check when it raises proper evidence of mailing); *In re East Coast Brokers & Packers, Inc.,* 961 F.2d 1543 (11th Cir.1992) (presumption may be utilized to determine whether creditor sent notice of intent to preserve trust benefits against a debtor as required by federal regulations and the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)); *Anderson v. United States,* 966 F.2d 487 (9th Cir.1992) (applying the presumption where taxpayer presented evidence that she properly mailed tax return to IRS); *In re Bucknum,* 951 F.2d 204 (9th Cir.1991) (applying presumption to determine whether bankruptcy court had mailed debtor notice of time fixed for filing complaint to determine dischargeability of debt where notice required by bankruptcy rules); *Doolin v. United States,* 918 F.2d 15 (2d Cir.1990) (applying rebuttable presumption where IRS presented evidence it mailed taxpayer's refund check); *In re Longardner & Associates, Inc.,* 855 F.2d 455 (7th Cir.1988), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989) (applied in determining whether notice of plan confirmation hearing was received by creditor's counsel in Chapter 11 proceedings); *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939 (10th Cir.1987) (proper mailing of summons and complaint raises presumption); *Betancourt v. FDIC,* 851 F.Supp. 126 (S.D.N.Y.1994) (applying presumption to determine whether creditor received notice of appointment of receiver in context of FIRREA, § 1821(d)(5)(C)(ii), an exception to time limit for filing claims where creditors do not receive notice of

receiver's appointment).

Some courts have not applied the rebuttable presumption of receipt in cases involving filing requirements. However, the cases doing so are distinguishable from the case at bar. In some cases, courts have construed filing to mean more than mere receipt, and, thus, have refused to apply the presumption as evidence of filing. For example, in *Premiere Wine Merchants, Inc. v. Western Carriers, Inc.,* No. 89 Civ. 0270, 1989 WL 153040 (S.D.N.Y.1989), a case involving the filing of a tariff with the Interstate Commerce Commission, the court held that mere receipt was not sufficient to constitute filing because, among other things, the tariff had to meet several specifications and the ICC had a "right to reject or strike any tariff publication ... not in compliance with the law, or to require that it be modified, corrected or reissued." *Id.* *Smith v. Fidelity & Casualty Co.,* 201 F.2d 460 (5th Cir.1958), involved the filing of a claim in a worker compensation case; again the court required more than mere receipt to satisfy the filing requirement. The court concluded that the presumption should not apply because filing in that case required not only delivery to the proper address, but the further requirement that the document "when received ... got into the hands of the proper person to file it...." *Id.* at 462. The court in *Smith* highlighted the fact that the word "filed" in that context "imports that the claim is to be placed permanently on the files of the board, so that any person interested may refer to it...." In *Chrysler Motors Corp. v. Schneiderman,* 940 F.2d 911, 912-13 (3d Cir.1991), the Third Circuit noted that it does not allow the presumption to arise

in the context of filing proofs of claims in bankruptcy court because "restrictiveness is necessary in order to facilitate the expeditious administration of bankruptcy proceedings."  Thus, the need for speedy resolution of bankruptcy claims militated against the use of the presumption, whereas allowing debtors to invoke the presumption might have led to delay.

These cases can be distinguished on their facts, i.e., either that more than mere receipt was required or that a special need for speedy handling was involved.[10]  These cases can also be distinguished because they all involve the filing of documents with courts or governmental entities.  There is a presumption that officers of the government perform their duties.  Unlike the private entity with whom the claim was to be filed in this case, the governmental entities in the above cases had no apparent pecuniary interest in denying that they received the documents allegedly filed with them.  It is understandable that courts would be more reluctant to apply the presumption where the recipient is a governmental entity, especially when that entity does not stand to gain by claiming that the documentation in question was not received.[11]

---

[10]To the extent that *Elroy Enterprises, Inc. v. Roadway Express, Inc.,* 746 F.Supp. 284 (E.D.N.Y.1990), and *Schaffer v. Pennsylvania R. Co.,* 127 N.Y.S.2d 466 (N.Y.Mun.Ct.1950), *aff'd,* 127 N.Y.S.2d 468 (N.Y.App.Term 1952), indicate that the presumption is inapplicable in a context like this, we find them unpersuasive.

[11]However, it should be noted that the presumption of receipt has been applied in many situations in which a governmental entity is the intended recipient of the document in question. *See, e.g., Anderson v. United States,* 966 F.2d 487 (9th Cir.1992); *American Casualty Reading Pa. v. Nordic Leasing, Inc.* 42 F.3d 725 (2d Cir.1994).  We need not decide the issue of

Finding no reason that the usual presumption of receipt should not apply in this case, we hold that it does apply. Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

---

whether, or under what circumstances, the presumption should apply to receipt by a governmental entity.