T.C. Memo. 1997-102


UNITED STATES TAX COURT


MELTON R. BOONE AND GERALDINE R. BOONE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24295-92.            Filed February 27, 1997.


Melton R. Boone and Geraldine R. Boone, pro sese.

<u>Horace Crump</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SCOTT, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax for the taxable years 1985 through 1988 as follows:

|      |            | Additions to Tax |
| Year | Deficiency | Sec. 6651(a)(1)  |
| ---- | ---------- | ---------------- |
| 1985 | $6,890     | $813             |
| 1986 | 7,080      | 685              |
| 1987 | 5,095      | 164              |
| 1988 | 3,338      | 51               |

All issues but one have been settled or conceded by the parties.[1] The only issue remaining for decision is whether petitioners are liable for additions to tax under section 6651(a)(1)[2] for failure to file timely Federal income tax returns for the years 1985 through 1987.

                              FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference.

Petitioners, husband and wife, were residents of Crestview, Florida, at the time they filed their petition in this case.

Sometime between 1985 and the time of trial, Melton R. Boone (petitioner) experienced brain hemorrhaging. As a result, he could not safely drive, and his son, Melton R. Boone, Jr., drove

---

[1] With respect to whether petitioner's civil service retirement income is taxable, the parties agreed to be bound by the Veterans' Administration's disability determination. Petitioners conceded that respondent's determination of their Schedule C income for 1985 through 1987 is correct. Finally, petitioners conceded at trial that they are liable for the addition to tax for failure to file a timely return under sec. 6651(a)(1) for 1988.

[2] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

him to and from his regular work as D.P. Manager for the city of Pembroke Pines, Florida, during each of the years in issue.

Petitioners requested, and respondent granted, an extension of time for them to file their Federal income tax return for each of the years 1985 through 1987.  Not having received returns from petitioners for 1985 through 1987, on April 26, 1990, respondent prepared and filed substitute returns for them for each of these years.  On June 1, 1990, the Internal Revenue Service Center in Atlanta received purported copies of Federal income tax returns from petitioners that had been prepared by petitioner for the years 1985 through 1987.  The 1985 return was dated May 26, 1986, the 1986 return was dated May 30, 1987, and the 1987 return was dated May 24, 1988.  Although each return claimed that petitioners were due a refund, petitioner, who was a part-time income tax return preparer, did not contact the Internal Revenue Service (IRS) to determine why the refunds were never received for the taxable years 1985 through 1987.

In the notice of deficiency respondent determined that petitioners are liable for additions to tax under section 6651(a)(1) for failing to file a timely Federal income tax return for each of the years 1985 through 1987.

### OPINION

Section 6651(a)(1) imposes a 5-percent-per-month addition to tax, not to exceed 25 percent, for failure to file a timely return, unless the taxpayer establishes:  (1) The failure did not

result from willful neglect; and (2) the failure was due to reasonable cause. Willful neglect has been interpreted to mean a conscious, intentional failure, or reckless indifference. United States v. Boyle, 469 U.S. 241, 245-246 (1985). Reasonable cause requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. Id. at 246.

Petitioners were granted automatic 4-month extensions of time within which to file their 1985, 1986, and 1987 Federal income tax returns. The returns were due on August 15, 1986, August 15, 1987, and August 15, 1988, respectively. Sec. 1.6081-4, Income Tax Regs. Purported copies of the returns were not received by the Atlanta Internal Revenue Service Center until June 1, 1990.

Petitioner testified that he mailed their 1985, 1986, and 1987 tax returns on May 26, 1986, May 30, 1987, and May 24, 1988, respectively. He contends that the returns were timely filed because they were deposited with proper postage in a mailbox outside the main post office in Perrine, Florida, each year within the extended filing periods allowed. He then argues that once the returns were placed in the U.S. Postal Service mailbox, petitioners' responsibility for their delivery ended. As to what may have happened to the returns, petitioner speculates that: (1) The mailbox was tampered with by vandals or thieves; (2) vandals unbolted the mailbox from its base and took the mail; (3)

postal employees stole the mail; or (4) the IRS lost or misfiled the returns because of its ineptitude. To say the least, we regard such speculations as farfetched and unreliable. Moreover, we think it is highly improbable that the returns allegedly deposited with the U.S. Postal Service in late May for 3 successive years would not have been delivered to the IRS or that each return was lost or misplaced by the IRS.

Petitioner also offered his son's testimony in an effort to corroborate his own to show that petitioners timely filed their returns for each year. Petitioner and his son testified that petitioners' Federal income tax return for each of the years in issue was mailed during their drive home from work. But the son later testified that the returns were mailed late at night. When asked by the Court to reconcile the two seemingly conflicting statements, the son admitted that he did not remember the specific circumstances surrounding the mailing of petitioners' returns. However, the son testified that his returns for 1985 through 1987, which he thought were mailed at the same time petitioners' returns for these years were mailed, were timely received by the IRS.

Respondent's position is that petitioners have failed to prove that their returns for the years in issue were timely filed. We agree.

Section 7502(a) provides that the date of the U.S. postmark stamped on the cover in which a return is filed is deemed the

date the return was filed if the postmark date is within the period for filing the return and the return is delivered after the date it was required to be filed. If no evidence establishes the postmark date of a return, the date the return was delivered is the date the return was filed. Here petitioners provided no evidence of a U.S. postmark. Consequently, section 7502 is not applicable.

It has been held, however, that section 7502 does not displace the common law presumption of delivery (the mailbox rule). Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992); cf. Konst v. Florida E. Coast Ry., 71 F.3d 850, 854 (11th Cir. 1996). Under the common law mailbox rule, the proper mailing of a return gives rise to a rebuttable presumption of delivery. Anderson v. United States, supra at 491. When a taxpayer is unable to produce documentary evidence that a return was mailed, we have allowed indirect, credible evidence to prove the date of postmark. See Estate of Wood v. Commissioner, 92 T.C. 793, 798 (1989) (accepting testimony of a postmistress who affixed the postmark to the envelope containing the return), affd. 909 F.2d 1155 (8th Cir. 1990). By contrast, petitioners in this case have not produced credible evidence that their returns were timely mailed and postmarked. We are not persuaded by petitioner's self-serving testimony. We think it is significant that petitioner failed to inquire about the refunds claimed on the returns. It seems improbable to us that if petitioners had

filed returns showing refunds due for 1985 through 1987, petitioner, an income tax return preparer, would not have made certain that the refunds were received.

In addition, we do not find the testimony of petitioners' son credible as to whether, or when, they mailed their returns for the years in issue. His testimony was contradictory and uncertain. It is unlikely that petitioners' returns were mailed at the same time as, and along with, their son's returns for 1985 through 1987 because their son's returns were apparently received by the IRS.

Accordingly, we conclude that petitioners did not file any Federal income tax returns for the years 1985 through 1987 other than the copies of the returns received by respondent on June 1, 1990. They, of course, were untimely filed.

Next, we consider whether petitioners have shown that they had reasonable cause for filing their 1985, 1986, and 1987 tax returns late. Continuous illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill that he was unable to file a tax return. Williams v. Commissioner, 16 T.C. 893 (1951). Respondent contends that petitioner was not so ill during the years in issue that he could not have filed the returns on time.

At some point after 1985, petitioner experienced a brain hemorrhage and was unable to perform some of the tasks associated with daily living, such as safely driving an automobile.

However, he presented no evidence suggesting that he was so ill during those years that he was unable to file a return. To the contrary, petitioner was regularly employed by the city of Pembroke Pines and worked as an income tax return preparer during the years 1985 through 1987. He even stated at trial that he was physically able to file a return during those years in issue. While we are sympathetic to petitioner's physical condition during the years 1985 through 1987, we are unable to find that he was so ill that he could not file a return. Consequently, we hold that petitioners have not shown they had reasonable cause for failing to file their Federal income tax returns in a timely manner.

Having found that petitioners did not file timely Federal income tax returns for 1985 through 1987, and that there was no reasonable cause for their failure to do so, it follows that they are liable for the additions to tax under section 6651(a)(1). Therefore, it is not necessary to decide whether their failure was due to willful neglect. United States v. Boyle, 469 U.S. at 245.

To reflect the foregoing,

Decision will be

entered under Rule 155.