[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10669
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-01323-ELR

U.S. BANK, N.A.,
as trustee for LSF8 Master Participation Trust,

Plaintiff - Appellee,

Versus

DONNA SPARKS TOBIN,
STEPHEN L. TOBIN,
a.k.a. Steve L. Tobin,

Defendants - Appellants,

HOUSEHOLD REALTY CORPORATION,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 1, 2018)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Donna and Stephen Tobin (collectively the "Tobins"), proceeding pro se, appeal from the entry of default judgment against them in a diversity action brought by U.S. Bank to judicially foreclose on an interest in property and for related relief pursuant to Ga. Code § 44-14-49.  The Tobins argue that the district court abused its discretion by entering a default judgment against them because U.S. Bank did not seek leave of court to file an amended complaint, they were not served with the amended complaint or U.S. Bank's motion for a clerk's entry of default against them, and they did not consent to the magistrate judge hearing their and U.S. Bank's motions.  After careful review, we affirm.

We typically review "the district court's grant of default judgment for abuse of discretion."  Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 898 (11th Cir. 1990).  But, pursuant to 11th Cir. R. 3-1, a party who fails to object to a magistrate judge's findings or recommendations in a report and recommendation ("R&R") "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided the party was given proper notice of the objection time period and the consequences of failing to do so.  11th Cir. L.R. 3-1.  And while we liberally construe pro se briefs, we will not make arguments for the parties, and thus, issues not briefed are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

2

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, the district court may, but is not required to, hold an evidentiary hearing to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. Fed. R. Civ. P. 55(b)(A)-(D); Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015). While a defaulted defendant "is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quotations omitted). Thus, "[e]ntry of default judgment is only warranted when there is sufficient basis in the pleadings for the judgment entered." Id. (quotations omitted). We "express[] a strong preference that cases be heard on the merits, and strive[] to afford a litigant his . . . day in court, if possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1342 (11th Cir. 2014) (quotations and citations omitted).

The Federal Rules of Civil Procedure further provide that all papers after the complaint that are required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service. Fed. R. Civ. P. 5(d). We've observed that "[t]he common law has long recognized a

3

rebuttable presumption that an item properly mailed was received by the addressee." Konst v. Florida East Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996). This "presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." Id. (quotation omitted). Further,

> [t]he presumption . . . is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business; and, when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstance of the case.

Id. at 851 n.1. To defeat this presumption more is needed than affidavits merely stating that a party did not receive the purportedly mailed items. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1240-42 (11th Cir. 2002).

Rule 15(a) allows a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Rule 15(a) adds that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Generally, "[a]n amended pleading supersedes the former pleading; the

4

original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); see also Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

As provided by 28 U.S.C. § 636, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion" with few exceptions. 28 U.S.C. § 636(b)(1)(B). As for dispositive motions, Federal Rule of Civil Procedure 72 allows magistrate judges, "without the parties' consent, to hear a pretrial matter dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1). The magistrate judge then "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Id.

The record before us reveals that the Tobins' claims on appeal are without merit. First, the Tobins did not present to the district court any evidence to rebut U.S. Bank's certificate of service providing that it mailed a copy of the amended complaint to them at their address. Rather, they only submitted affidavits from themselves stating that they did not receive the amended complaint. Under our case law, however, more is needed to rebut the presumption that a properly mailed item was received by the addressee. Barnett, 283 F.3d at 1240-42. And while the

5

Tobins claim that they were not served with U.S. Bank's motion for a clerk's entry of default, they did not present anything that showed otherwise. They did not even file an affidavit indicating that they were not served with the motion for clerk's entry of default or notified of the entry of default against them. Therefore, their lack-of-serve claims fails. Id.

Second, U.S. Bank was not required to seek leave of the court to file an amended complaint. Rule 15(a) specifically allowed U.S. Bank to amend its complaint without leave of the court within 21 days after it was served with the Tobins' motion to dismiss for failure to state a claim. Fed. R. Civ. P. 15(a)(1)(B). Because U.S. Bank filed its amended complaint 11 days after the Tobins filed their motion to dismiss, the Tobins' argument on this issue fails as well.

Finally, the Tobins' consent was not needed for the magistrate judge to review any motion filed by them or U.S. Bank, or to issue a Report and Recommendation to the district court. A magistrate judge is allowed "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion" with few exceptions. 28 U.S.C. § 636(b)(1)(B). As for dispositive motions, Rule 72 allows magistrate judges, "without the parties' consent, to hear a pretrial matter dispositive of a claim or defense" and issue a recommended disposition. Fed. R. Civ. P. 72(b)(1). As a result, the Tobins'

6

consent was not needed for the magistrate judge to review U.S. Bank's and the Tobins' motions and issue an R&R, and the Tobins have given us absolutely no reason to conclude that the entry of a default judgment was somehow indicative of "judicial corruption."

Accordingly, we affirm.

**AFFIRMED**.

7