**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13636

Non-Argument Calendar

_____

MICHAEL DEWAYNE ARRINGTON,

*Plaintiff-Appellant,*

*versus*

MIAMI DADE COUNTY PUBLIC SCHOOL DISTRICT,
SUPERINTENDENT AND/OR DIRECTOR OF MIAMI-DADE
COUNTY
PUBLIC SCHOOLS DISTRICT,

Alberto Carvalho, individually and in his official capacity,

GEORGE T. BAKER AVIATION SCHOOL,

PRINCIPAL OF GEORGE T. BAKER AVIATION SCHOOL,

Sean Gallagan individually and in his official capacity,

ASSISTANT PRINCIPAL, GEORGE T. BAKER AVIATION
SCHOOL,

George W. Sands, individually and in his official capacity, et al.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cv-24114-JEM

———————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Arrington, *pro se*, appeals the district court's denial of his motion to reopen the time to appeal under Fed. R. Civ. P. 4(a)(6). After careful review, we affirm the denial of his motion.

## I.

This is the latest in a string of motions and appeals Arrington has filed seeking to relitigate issues already decided against him. In 2020, we affirmed the district court's dismissal of his 42 U.S.C. § 1983 civil-rights lawsuit, which alleged that he was discriminated against based on his race while enrolled as a student at a Florida public technical college. *See Arrington v. Miami Dade Cnty. Pub. Sch. Dist.* ("*Arrington I*"), 835 F. App'x 418 (11th Cir. 2020).

After we issued the mandate, Arrington moved for relief in the district court under Rule 60(b), Fed. R. Civ. P., arguing that *Arrington I* was wrongly decided. The district court denied the motion, and we affirmed on appeal. *See Arrington v. Miami Dade Cnty. Pub. Sch. Dist.* ("*Arrington II*"), No. 21-11569, 2021 WL 4940820 (11th Cir. Oct. 22, 2021). Arrington then asked for and was denied

relief from *Arrington II*, and, again, we affirmed on appeal. *See Arrington v. Miami Dade Cnty. Pub. Sch. Dist. ("Arrington III")*, No. 22-11943, 2023 WL 2468333 (11th Cir. Mar. 13, 2023).

After we denied rehearing and issued the mandate in *Arrington III* on July 10, 2023, Arrington continued to seek reconsideration in this Court. His motions were returned to him by the clerk in notices dated July 21, 2023, and August 2, 2023, with the following statement: "NO ACTION WILL BE TAKEN because this is a motion addressing the district court. Additionally, this appeal is closed. No further relief is available from this court."

Meanwhile, in the district court, Arrington filed two motions for reconsideration on July 27, 2023, and August 1, 2023, alleging that *Arrington III* was wrongly decided. The district court entered an order denying the motions on November 1, 2023. Arrington appealed, but we *sua sponte* dismissed the appeal for lack of jurisdiction as untimely on March 21, 2024. We explained that Arrington's notice of appeal was filed beyond 30 days from the order, and that he had not moved to extend or reopen the appeal period.

That brings us to the motion underlying Arrington's current appeal. On April 24, 2024, Arrington filed a motion under Rule 60(b)(1), Fed. R. App. P. 4(a)(6), or the unique-circumstances doctrine, seeking to extend or reopen the time to appeal the court's November 1, 2023, order. A magistrate judge recommended that the district court deny the motion, concluding that Arrington did not meet the terms of Rule 4(a)(6), and that neither Rule 60(b) nor

the unique-circumstances doctrine could be used to extend or reopen the time to appeal.  The district court overruled Arrington's objections and denied his motion.  Arrington moved for reconsideration of that ruling, which was denied, and this timely appeal followed.

## II.

We generally review for abuse of discretion the denial of a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6).  *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).  We review the district court's interpretation of federal procedural rules de novo, *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002), and its underlying factual findings for clear error, *United States v. Williams*, 340 F.3d 1231, 1234 (11th Cir. 2003).

Ordinarily, a civil litigant has 30 days to file a notice of appeal from an order or judgment.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  If the litigant, whether *pro se* or represented, misses this deadline, the court of appeals lacks jurisdiction and must dismiss the case.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300–02 (11th Cir. 2010).  Courts have "no authority to create equitable exceptions to jurisdictional requirements," including for excusable neglect or "unique circumstances."  *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007).

The appeal period can be extended or reopened in limited circumstances, which are set forth in federal statutes and rules.  28 U.S.C. § 2107(c); Fed. R. App. P. 4(a).  As relevant here, Rule 4(a)(6)

permits a district court to reopen the appeal period for a period of 14 days, "but only if" three conditions are met: (1) the movant did not receive notice of the relevant judgment or order under Fed. R. Civ. P. 77 "within 21 days of its entry"; (2) the motion is filed within 180 days of entry of the judgment or order; and (3) no party would be prejudiced.  Fed. R. App. P. 4(a)(6)(A); *see* 28 U.S.C. § 2107(c)(1).

"Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps.*, 279 F.3d at 1311. And Rule 60(b) "cannot be used to circumvent" the limitations of Rule 4(a)(6). *Id.*

Here, the district court did not abuse its discretion or otherwise err by denying Arrington's motion to reopen the appeal period under Rule 4(a)(6) and Rule 60(b).  The court expressly conducted a de novo review of the record and Arrington's objections to the magistrate judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  And the court correctly determined that Arrington did not qualify for relief.

As the party seeking reopening, Arrington bore the burden of showing that he did not receive—or untimely received—notice of entry of the order.  *McDaniel*, 292 F.3d at 1307.  He did not do so. Rather, Arrington alleged that, although he received notice of the

November 1, 2023, order in his mailbox, he "didn't check his mailbox regularly during the month of November 2023," and so did not discover the notice until November 30, 2023.  Thus, as in *McDaniel*, Arrington has offered "no reason to question whether he timely received the clerk's [November 1] letter." *Id.*; *cf. Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996) (recognizing a "rebuttable presumption that an item properly mailed was received by the addressee").

Arrington responds that "he relied on the Eleventh Circuit's No Action Notice and he was incapacitated during the time the District Court denied his motion."  But even assuming Arrington could show excusable neglect based on these circumstances, neither the district court nor we can fashion an equitable exception to the jurisdictional time requirements, whether under Rule 60(b) or the unique-circumstances doctrine. *See Bowles*, 551 U.S. at 213–14; *Vencor Hosps.*, 279 F.3d at 1308; 28 U.S.C. § 2107(c)(1); Fed. R. App. P. 4(a)(6)(A).  Arrington's remaining arguments simply rehash issues that have already been fully and finally resolved.[1]

For these reasons, we affirm the denial of Arrington's motion to reopen the time to appeal, and the denial of his motion for reconsideration of that order.

---

[1] Relief under Rule 4(a)(6) is discretionary, not mandatory. *See* Fed. R. App. P. 4(a)(6) (stating that the "district court *may* reopen the time to file an appeal for a period of 14 days").  Even assuming Arrington could satisfy Rule 4(a)(6)'s requirements, discretionary reopening would not be warranted in this case to permit yet another meritless appeal.

25-13636                  Opinion of the Court                  7

**AFFIRMED.**