**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10407

Non-Argument Calendar

————————————

THEODORE KEITH GRIFFIN,

 a.k.a. Campbell Logan,

*Plaintiff-Appellant,*

*versus*

MARTIN COUNTY SHERIFF,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14317-DMM

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Theodore Griffin, proceeding pro se, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action

for failure to comply with a court order. Griffin argues that the district court abused its discretion by dismissing his case because he never received the order that he failed to follow. After careful review, we affirm the district court.

## I.

Theodore Griffin filed a 42 U.S.C. § 1983 action in state court against several employees of the Martin County Sheriff's Office. The sheriff removed to federal court and moved to dismiss Griffin's complaint for failure to state a claim. The district court denied the sheriff's motion because the state court records did not reflect which of Griffin's seventeen complaints was operative. The district court then instructed Griffin to file an amended complaint by November 5, 2024. It explained that "failure to timely file" an amended complaint would "result in dismissal of [the] case." Doc. 5 at 6. And it instructed Griffin to hand his amended complaint to prison authorities early enough to meet the November deadline.

Griffin never filed an amended complaint. Instead, he moved in mid-November for more time to respond to the motion to dismiss and alleged that he lacked access to stamped legal envelopes. The district court denied his motion because he disregarded the deadline to amend his complaint and provided no evidence that he lacked access to the mail. The district court then *sua sponte* dismissed his claims without prejudice on November 19, 2024, for failure to comply with the order to file an amended complaint. The district court did not set out this judgment in a separate document.

Griffin objected to the district court's dismissal, arguing that he did not receive the order to file an amended complaint because he transferred jails before it arrived. In support, he cited a change of address form that explained that Griffin transferred jails on October 8. The district court construed his objection as a motion to alter the judgment under Federal Rule of Civil Procedure 59 or for relief from the judgment under Federal Rule of Civil Procedure 60. It then denied his motion.

Griffin responded by filing five renewed motions to alter the district court's judgment. The district court denied or struck each one, disposing of Griffin's last such motion on January 23, 2025. In doing so, the district court noted that none of the court's orders had been returned by the U.S. Postal Service as undeliverable and that Griffin provided no evidence, apart from his say-so, that the order was undelivered. Griffin then appealed the district court's order that dismissed his case in early February 2025.

## II.

Griffin argues that the district court abused its discretion by dismissing his case without prejudice because he never received the order with which he failed to comply and because the district court did not make the findings required to dismiss his case. The sheriff argues that we lack jurisdiction over Griffin's appeal because it is untimely. And the sheriff asserts that if we reach the merits, the district court did not abuse its discretion by dismissing Griffin's claims because he presumptively received the order that he failed to follow.

We conclude that we have jurisdiction over Griffin's appeal under Federal Rule of Appellate Procedure 4. And we agree with the sheriff that the district court did not abuse its discretion by dismissing Griffin's claims.

## A.

We start with whether we have jurisdiction over Griffin's appeal. We review our jurisdiction *de novo*. *Perez v. Owl, Inc.*, 110 F.4th 1296, 1301 (11th Cir. 2024). The timely filing of a notice of appeal is a jurisdictional requirement in a civil case. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Federal Rule of Appellate Procedure 4(a)(4)(A) explains that an appeal is timely if it is filed within thirty days of the entry of an order disposing of the last of several types of motions, including a timely Rule 59 motion to alter or amend a judgment. FED. R. APP. P. 4(a)(4)(A)(iv). Federal Rule of Civil Procedure 59 provides that a motion to alter or amend a judgment is timely if it is filed no later than twenty-eight days after entry of judgment. FED. R. CIV. P. 59(e). So, to determine whether Griffin's appeal was timely, we must determine whether his Rule 59 motions were timely and, if so, whether his notice of appeal was filed within thirty days of when the district court disposed of the last such motion. It was.

Judgment was not entered until mid-April 2025, so Griffin's last Rule 59 motion that he filed in mid-January 2025 was timely. If a district court does not set forth a judgment dismissing a civil case in a separate document, judgment is generally not entered until 150 days after entry of the district court's relevant order. FED. R. APP.

P. 4(a)(7)(A)(ii). Here, the district court dismissed Griffin's case without prejudice on November 19, 2024, and it never entered judgment in a separate document. So judgment was entered 150 days later in mid-April 2025. FED. R. APP. P. 4(a)(7)(A)(ii). Because Griffin filed his last Rule 59 motion before 28 days after that date, it was timely filed.

Griffin filed a notice of appeal within thirty days of the district court's disposition of that timely Rule 59 motion, so Griffin timely appealed under Rule 4(a)(4)(A)(iv). That rule gave Griffin thirty days to file an appeal after the district court disposed of his last timely Rule 59 motion. FED. R. APP. P. 4(a)(4)(A)(iv). The district court disposed of that motion on January 23, 2025, by striking it from the record. *Ruiz v. Wing*, 991 F.3d 1130, 1139 (11th Cir. 2021) (explaining that striking a motion disposes of it under Rule 4(a)(4)(A)). Because Griffin filed a notice of appeal within thirty days of that date in early February 2025, Griffin's appeal was timely under Rule 4(a)(4)(A)(iv).

### B.

We now turn to the merits of Griffin's appeal. We review for abuse of discretion a district court's decision to dismiss an action for failure to comply with its orders. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). An abuse of discretion occurs where the district court "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *McNair v. Johnson*, 143 F.4th

1301, 1307 (11th Cir. 2025) (quoting *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)), *cert. denied*, No. 25-808 (May 4, 2026).

Griffin argues that the district court abused its discretion in two respects. First, it dismissed his case for failure to follow orders that he never received. Second, it did not evaluate less severe sanctions or find that Griffin willfully failed to follow its orders. We disagree with Griffin's arguments.

First, the district court did not clearly err in finding that Griffin received the relevant order. A factual determination is clearly erroneous only when we are left with a "definite and firm conviction" that a mistake has been committed. *Riolo v. United States*, 38 F.4th 956, 968 (11th Cir. 2022) (quoting *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012)). The record does not leave us with that conviction.

That record reflects that the clerk mailed the relevant order to Griffin's address four days before Griffin transferred to a new location. We apply a rebuttable presumption that an addressee receives a properly mailed item, *Konst v. Fla. E. Coast. Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996), in three days, *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005); *see also* FED. R. CIV. P. 6(d). The record reflects that the clerk mailed a copy of the district court's order to Griffin on October 4, 2024, so we presume that Griffin received the order on October 7. *See Konst*, 71 F.3d at 851; *Kerr*, 427 F.3d at 953 n.9.

The presumption of receipt is rebuttable, but the record does not rebut the presumption. Griffin says that he did not receive

the order because he was transferred to a new prison, but he was not transferred until October 8. And, as the district court noted, none of the court's mailings were ever returned as undeliverable. Because the record that was before the district court suggests that Griffin received the relevant order, the district court did not clearly err by finding that he received it.

Second, the district court did not abuse its discretion by refraining from evaluating alternative sanctions or making a willfulness finding because it dismissed Griffin's claims without prejudice. Although a dismissal with prejudice requires a court to evaluate lesser sanctions and willful noncompliance, a dismissal without prejudice generally does not require these steps. *Compare Mickles ex rel. herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (explaining that a dismissal with prejudice is proper only after findings (1) of willfulness or a clear record of delay and (2) that lesser sanctions are inadequate), *with Dynes*, 720 F.2d at 1499 (concluding that a dismissal without prejudice constituted no abuse of discretion even in response to a single violation). So the district court did not abuse its discretion by dismissing Griffin's claims without prejudice without making those findings.

## III.

We **AFFIRM** the district court's dismissal without prejudice.