[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10912
_____

D.C. Docket No. 1:15-cv-22618-UU


ALBERTO RUIZ,

Plaintiff - Appellant,

versus

OFFICER JENNIFER WING,
#7741,
OFFICER DANNY FALLS,
#1833,

Defendants - Appellees,

UNKNOWN OFFICER,
City of Miami Police, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2021)

Before MARTIN, GRANT, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

This appeal asks us to determine whether a *pro se* motion for a new trial that is stricken because the movant is represented by counsel tolls the time for filing a notice of appeal of the judgment under Federal Rule of Appellate Procedure 4(a)(4)(A). We conclude that it does.

Alberto Ruiz brought an action against Officers Jennifer Wing and Danny Fals[1] under 42 U.S.C. § 1983, alleging that the Officers used excessive force when apprehending him. Following a jury trial, the jury returned a verdict for the Officers, and, on January 11, 2018, the district court entered final judgment in favor of the Officers and against Ruiz. Although represented by counsel, Ruiz, acting *pro se*, filed a motion for new trial pursuant to Federal Rule of Civil Procedure 59 on January 26, 2018. The district court struck Ruiz's motion as an unauthorized *pro se* filing by a represented party on February 27, 2018, and subsequently denied a motion for reconsideration filed by Ruiz's counsel. Ruiz filed his notice of appeal on March 6, 2018, and now appeals the entry of final judgment against him and the district court's order striking his motion for a new trial. The Officers moved to dismiss this appeal for lack of jurisdiction, arguing that Ruiz's notice of appeal was

---

[1] In the record below, the Officer's last name is spelled interchangeably as "Falls" or "Fals." For purposes of this appeal, we refer to him as Officer Danny Fals, as the Officer spelled his last name as Fals and that spelling was used in the district court's entry of final judgment.

2

untimely.  For the reasons discussed below, we conclude that Ruiz's Rule 59 motion for a new trial tolled the time for him to file a notice of appeal, that his notice of appeal was therefore timely, and that we have jurisdiction over Ruiz's appeal.  But because none of Ruiz's claims have merit, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

On the morning of September 24, 2014, Ruiz stole a Sports Utility Vehicle ("SUV") from the valet area of a Miami hotel.  During the carjacking, Ruiz scuffled with the valet staff and, in his attempt to drive away, crashed the SUV into parked cars and hotel employees, knocking over luggage carts and injuring many of the hotel employees in the valet area.  Ruiz then fled the scene with the SUV.  The hotel's security cameras captured all of Ruiz's actions on video (the "Hotel Video").  After stealing the SUV, Ruiz sold the personal property inside of the SUV, including valuable electronics, to a person known by Ruiz to purchase stolen goods.

Later that day, City of Miami police officers located Ruiz by tracking his cellphone to a motel, although his exact location within the motel was unknown. Officers Wing and Fals, members of a tactical City of Miami Police Department unit focused on robbery, were called to assist with the arrest.  Although the Officers knew the nature of the crimes for which Ruiz was to be arrested—carjacking, attempted murder, and robbery—they had not viewed the Hotel Video prior to arriving at the motel.

3

Ruiz was eventually subdued and arrested in his motel room. By the end of the arrest, Ruiz suffered a broken jaw and fractured ribs. The Miami-Dade County State Attorney's Office charged Ruiz with several felonies based on his theft of the SUV, and Ruiz ultimately pled guilty to those charges in state court and was sentenced to a twenty-year prison sentence.

Ruiz subsequently filed a *pro se* complaint in federal district court against the Officers pursuant to 42 U.S.C. § 1983, alleging that the Officers used excessive force when apprehending him. About six months before trial commenced, Ruiz obtained *pro bono* trial counsel through a volunteer program administered by the Southern District of Florida, and Ruiz's counsel filed a notice of appearance on behalf of Ruiz as "counsel of record."[2] The notice of appearance did not reflect any understanding between Ruiz and his counsel that their attorney-client relationship would conclude immediately following the trial or that counsel's engagement was limited solely to the trial itself.

Prior to trial, Ruiz, through counsel, filed a motion *in limine* to exclude, among other things, certain facts relating to Ruiz's arrest. The motion *in limine* did not reference the Hotel Video or any specific facts or evidence, but instead sought to exclude all facts relating to Ruiz's crimes as irrelevant and unfairly prejudicial.

---

[2] Until Ruiz's *pro se* motion for new trial, Ruiz's counsel filed all of the papers with the district court and made all of the presentations before the district court and the jury on Ruiz's behalf.

4

[*Id.*]  The district court denied the motion, finding that the information relating to Ruiz's underlying crimes would be relevant at trial to the severity of the crimes for which Ruiz was arrested, which is a factor when considering the reasonableness of the Officers' use of force during Ruiz's arrest.  The district court further noted that, given the physical altercations during the commission of Ruiz's crimes, information surrounding the crimes would be relevant as to causation of Ruiz's injuries.

At a pretrial conference, Ruiz noted his intent to play the Hotel Video for the jury during his opening statement.  Ruiz and the Officers later agreed to jointly play the Hotel Video to the jury as a court exhibit before opening statements.  The case proceeded to trial, and, pursuant to the parties' agreement, the district court began the trial by playing the Hotel Video.  Ruiz did not object to the presentation of the Hotel Video.  Indeed, he referred to the Hotel Video throughout trial.

During trial, Ruiz and the Officers presented conflicting testimony regarding the events immediately prior to Ruiz's arrest.  Ruiz testified that he was in his motel room when he heard a commotion outside of the door.  He testified that he opened the door and complied with the Officers' demands to lay on the floor.  Ruiz explained that, after he laid down, Officer Fals kicked him in the face and ribs and directed Officer Wing to taser Ruiz while both Officers interrogated him about the stolen property from the SUV.  Ruiz further testified that he believed the Officers stole the money that he had received from selling the stolen property, along with Ruiz's gold

5

chain.  In contrast, Officer Fals testified that he spotted Ruiz in the motel courtyard, and that Ruiz attempted to flee.  Officer Fals explained that he pursued Ruiz and tackled him into furniture as Ruiz tried to run into his motel room and shut the door.  Similarly, Officer Wing testified that she saw Officer Fals chasing Ruiz through the motel courtyard to a motel room.  She further testified when she arrived at the room, she saw Officer Fals wrestling with Ruiz on the ground as he resisted and fought back.  Both Officers testified that Ruiz violently resisted arrest, which caused Officer Fals to strike Ruiz with closed fists and Officer Wing to use her taser on Ruiz.

Of relevance to this appeal, counsel for the Officers made certain comments and arguments during opening statement, closing argument, and direct examinations that Ruiz now characterizes as improper and based on facts outside of the evidence presented.  These include comments (1) regarding how and when the police tracked Ruiz's phone, (2) implying that Ruiz's crimes were covered by the media, (3) implying that Ruiz had smoked crack cocaine on the day of his arrest and that a crack pipe was found in Ruiz's motel room, (4) discussing Ruiz's other crimes and his danger to the community, (5) bolstering the Officers' credibility, including calling them "heroes," and (6) using words and phrases that Ruiz contends are inflammatory or exaggerated.  Ruiz, however, objected to only some of these statements.  Additionally, following Ruiz's first objection, he stated that he "ha[d] a motion," but did not explicitly raise this "motion" as a motion for mistrial.  After making a second

6

objection, Ruiz asked to renew this "motion" later in the proceedings. But Ruiz again did not specify the nature of this "motion" nor ever raise the motion later in the proceedings.

Also of relevance to this appeal, the district court interrupted questioning during the examination of Ruiz to clarify and ensure responsive answers. For example, when Ruiz's counsel described the person who purchased Ruiz's stolen goods as a "pawn shop," the district court interjected to clarify that the person was a "fence" who deals in stolen goods and not a pawn shop. Throughout trial, the district court also directed Ruiz's counsel to refrain from argumentative questioning, to proceed expeditiously, and to not seek duplicative or otherwise improper testimony.

During the jury's deliberations, the jury requested to see the Hotel Video again. No party objected, and the district court allowed the jury to see the video. The jury then returned a verdict for the Officers. On January 11, 2018, the district court entered final judgment in favor of the Officers and against Ruiz.

On January 26, 2018, Ruiz—acting *pro se*—filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. In that motion, Ruiz argued that the district court should not have allowed the Hotel Video to be presented to the jury during the trial. Ruiz attached to his motion a notice to the clerk advising that Ruiz's trial attorney "is believed that he will not be representing me on any other issues of the case." The Officers opposed Ruiz's motion for a new trial, arguing that the *pro*

7

*se* filing should be stricken because Ruiz was represented by counsel. The Officers additionally argued that Ruiz waived any objection to admission of the Hotel Video and that admission of the Hotel Video was not erroneous or a basis for a new trial. Ruiz's trial counsel then filed a notice adopting Ruiz's *pro se* motion for a new trial and advising that counsel was "re-appear[ing] as *pro bono* counsel [for Ruiz] for purposes of the post-trial phase(s) of this case."

On February 27, 2018, the district court struck Ruiz's motion for a new trial as an unauthorized *pro se* filing by a represented party. Ruiz, through counsel, moved for reconsideration of the order striking the motion. On March 6, 2018, the district court denied Ruiz's motion for reconsideration, noting that Ruiz had been continuously represented by counsel since his counsel's initial notice of appearance. That same day, Ruiz filed his notice of appeal, and this appeal ensued.

## II.    STANDARDS OF REVIEW

Generally, we review a district court's evidentiary rulings for abuse of discretion. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013). However, on issues that a plaintiff fails to object to at trial, we review only for plain error. *See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1305 (11th Cir. 2018).

Additionally, we review the district court's disposition of a motion for a new trial and a motion for mistrial for abuse of discretion. *Ard v. Sw. Forest Indus.*, 849

8

F.2d 517, 520 (11th Cir. 1988) (explaining review standard for disposition of a motion for new trial); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) (explaining review standard for disposition of a motion for mistrial).

## III.   ANALYSIS

On appeal, Ruiz argues that the final judgment in favor of the Officers should be vacated and that this Court should remand this case for a new trial. Specifically, Ruiz argues that the district court erred by (1) allowing the Hotel Video to be shown to the jury; (2) allowing and not correcting comments made by the Officers' counsel during opening statement, closing argument, and examination of the witnesses; (3) not considering Ruiz's intended motion for mistrial made during the Officers' opening statement; and (4) directly questioning Ruiz and instructing Ruiz's counsel on their questioning and trial management. Ruiz also argues that the district court erred in striking his *pro se* motion for a new trial. In response, the Officers contend that we lack jurisdiction to consider Ruiz's appeal because his notice of appeal was untimely. We first address the jurisdictional issue before turning to the merits of the appeal.

### A.    Jurisdiction

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party in a civil action to file its notice of appeal "within 30 days after entry of the judgment or order appealed from." The time for filing an appeal is tolled, however, when a party timely

9

files one of the motions enumerated in Rule 4(a)(4), including a motion "for a new trial under [Federal Rule of Civil Procedure] 59." Fed. R. App. P. 4(a)(4)(v). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010) (alteration in original) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). Therefore, when an appellant fails to file a notice of appeal within thirty days "after entry of the judgment or order appealed from," or within thirty days of "the entry of the order disposing" of an appropriate post-trial motion, we lack jurisdiction to consider the appeal. Fed. R. App. P. 4(a)(1)(A), (a)(4)(A); *see Green*, 606 F.3d at 1301–03. Additionally, "[u]ntimely motions under Rules 59 and 60 will not toll the time for filing an appeal." *Green*, 606 F.3d at 1300 (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996)).

Here, the district court entered final judgment on January 11, 2018, and Ruiz filed his notice of appeal on March 6, 2018—more than thirty days later. Although Ruiz filed his notice of appeal more than thirty days after entry of final judgment, it was filed within thirty days of the district court's order striking his January 26, 2018, *pro se* motion for a new trial.[3] And the Officers do not dispute that Ruiz filed his

---

[3] Ruiz's motion for reconsideration of the district court's denial of his Rule 59 motion for new trial did not toll the time for filing his notice of appeal. *See Wright v. Preferred Rsch., Inc.*, 891 F.2d 886, 889 (11th Cir. 1990) (explaining that "the language and purpose of Rule 4(a)(4) indicate that the time for appeal is postponed only by an *original* motion of the type specified" and that, generally, "a motion to reconsider an order disposing of such a motion will not further

10

*pro se* motion for a new trial under Rule 59 within the time permitted by that rule. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

The Officers, however, argue in their motion to dismiss[4] that Ruiz's *pro se* motion, which the district court struck as an unauthorized *pro se* filing by a represented party, was not "file[d]" for purposes of Rule 4(a) and should be treated as a nullity that did not toll Rule 4's deadline for filing the notice of appeal. As such, the Officers contend that Ruiz's notice of appeal is untimely as to any appeal from the final judgment and that we lack jurisdiction to review his appeal as to the final judgment. We reject this argument as inconsistent with the plain language of Rule 4.

We construe rules of procedure like any other statutory scheme, i.e., by determining the rule's plain meaning. *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). Thus, we begin our analysis by looking at the language of the rule, and, absent a definition of a term contained in the rule, we look to the common usage of

---

postpone the time to appeal" (emphasis in original) (quoting 9 Moore's Federal Practice ¶ 204.121[1])).

[4] The Officers moved to dismiss all issues on appeal for lack of jurisdiction, i.e., issues arising from the final judgment as well as issues arising from denial of the motion for new trial. In an August 23, 2018, order, this Court denied the Officers' motion as to the orders disposing of Ruiz's *pro se* motion for a new trial, as Ruiz appealed from those orders within thirty days of their entry, and further ordered that the issue regarding Ruiz's appeal from the entry of final judgment be carried with the case. We therefore only address our jurisdiction to review the issues raised as to the final judgment.

words for their meaning.  *See People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 879 F.3d 1142, 1146 (11th Cir. 2018); *In re Hood*, 727 F.3d 1360, 1364 (11th Cir. 2013).  "Dictionary definitions speak to common usage," and the plain meaning of a word must be viewed in the context of the entire text.  *Miami Seaquarium*, 879 F.3d at 1146–47.  Indeed, "[t]he ordinary-meaning rule is the most fundamental semantic rule of interpretation.  It governs constitutions, statutes, rules, and private instruments."  Antonin Scalia & Bryan A. Garner, *Reading Law* 69 (2012) (footnote omitted).  While most words carry more than one dictionary definition, "[o]ne should assume the contextually appropriate ordinary meaning unless there is reason to think otherwise."  *Id.* at 70.

Federal Rule of Appellate Procedure 4(a)(4)(A) provides, in relevant part:

> If a party *files* in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order *disposing* of the last such remaining motion:
> . . .
>
>      (v) for a new trial under Rule 59 . . .

(emphasis added).  Black's Law Dictionary defines the verb "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record."  *File*, *Black's Law Dictionary* (11th ed. 2019).  In order to toll the time to file a notice of appeal, Rule 4(a)(4)(A) simply requires that a party file one of the

12

motions enumerated in the rule and that the filing be timely. The rule requires nothing more.

While the Officers contend that the order striking Ruiz's *pro se* motion as an authorized *pro se* filing rendered the motion a nullity, nothing in Rule 4(a)(4) conditions the tolling of time to file a notice of appeal on a *merits* denial of the relevant motion. Rule 4(a)(4) also does not contain any language permitting a court to find that a timely filed motion is void *ab initio* in some way. Indeed, Rule 4(a)(4) tolls the time to file a notice of appeal based on "entry of the order *disposing of*" the "last such remaining motion." (emphasis added). The term "dispose" in this context means "to settle a matter finally or definitively [or] . . . to treat or handle (something) with the result of finishing or finishing with." *Dispose*, *Webster's Third New Int'l Dictionary* (2002); *see also Dispose*, *The American Heritage Dictionary of the English Language* (3d ed. 1996) (defining "dispose" as, among other things, "[t]o settle or decide a matter [and] [t]o get rid of; throw out"). By entering an order striking Ruiz's *pro se* motion for a new trial pursuant to Rule 59, the district court denied the relief sought and decided the motion on procedural grounds. The district court's order striking the motion thus constitutes "disposing of" the motion as contemplated by the plain meaning of Rule 4(a)(4)(A), and the Officers concede that Ruiz filed his notice of appeal within thirty days of that order.

13

Finally, Rule 4(a)(4)(A)'s language does not require that an enumerated motion be filed by an attorney or authorized by the district court, nor are we permitted to add words to the rule. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1224 (11th Cir. 2009). As discussed below, while it was within the district court's discretion to strike Ruiz's *pro se* motion, the motion was nonetheless timely filed for purposes of Rule 4(a)(4)(A). Accordingly, Ruiz's notice of appeal, which was filed within thirty days of the district court's order striking the motion for new trial, is timely, and we have jurisdiction over his appeal.[5] We now turn to the merits of the appeal.

### B.    Whether the Hotel Video's admission was erroneous

Ruiz challenges the district court's admission of the Hotel Video, which depicts violent actions by Ruiz that were not observed by the Officers prior to the arrest and that occurred hours before, and miles away from, the arrest. Ruiz argues that the Hotel Video is irrelevant to his claims against the Officers and unfairly prejudicial because it is inflammatory. In response, the Officers contend that the Hotel Video is relevant because it shows the severity of the crimes for which Ruiz was arrested—a factor in determining the reasonableness of force used in an arrest—

---

[5] We note that our conclusion is consistent with that of two other Circuits facing similar facts. *See Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 58–59 (1st Cir. 2016); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 824–26 (7th Cir. 2014). And although another Circuit has reached a different conclusion, we respectfully disagree with its reasoning. *See Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020).

and because the physical altercation shown on the video is probative of the cause of Ruiz's injuries. The Officers also contend that Ruiz waived his objection to admission of the Hotel Video because he agreed to play it to the jury as a joint exhibit and failed to object to its admission at trial.

To preserve an evidentiary error for appeal, the aggrieved party must, on the record, timely object at trial or file a motion to strike and state the specific grounds for the purported error. *See* Fed. R. Evid. 103(a). "The overruling of a motion in limine is not reversible error, only a proper objection at trial can preserve error for appellate review." *United States v. Gari*, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009) (quoting *United States v. Rutkowski*, 814 F.2d 594, 598 (11th Cir. 1987)); *accord Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997) ("Absent some good reason for failing to object at trial, . . . a motion [in limine] does not preserve an error for appeal."). Moreover, a party introducing evidence generally "cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755 (2000). This is true even when a party preemptively introduces evidence that the party sought to exclude in a motion *in limine* as a "tactical advantage." *See id.* at 756–60 (concluding that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error").

15

Based on our review of the record, we conclude that Ruiz waived his objection to the admissibility of the Hotel Video by preemptively playing the video and not objecting to its admission at trial. Here, Ruiz moved *in limine* for a blanket exclusion of *all* facts relating to his underlying crimes, which the district court denied. At trial, rather than making a timely objection to the admission and presentation of the Hotel Video, Ruiz instead agreed to play the video at the outset of the trial as a joint exhibit and referred to the video throughout trial. While Ruiz now claims that this arrangement was meant to minimize the prejudice from presentation of the Hotel Video to the jury, Ruiz's strategic trial decision waived his right to now contest the admissibility of the video. As expressed by the Supreme Court in *Ohler*, it would be unfair to allow a party to preemptively introduce evidence to "remov[e] the sting," while preserving an objection to its admissibility for appellate review. *See id.* at 758. We therefore find that Ruiz waived his objection to the admissibility of the Hotel Video.

Even assuming Ruiz had not waived the issue of the admissibility of the Hotel Video, however, the district court did not commit plain error in admitting it and permitting it to be played at trial.[6] "[W]hen a party raises a claim of evidentiary error for the first time on appeal, we review it for plain error only." *United States v.*

---

[6] While both parties address this issue under the abuse of discretion standard, our review is limited to a plain error standard, as it is undisputed that Ruiz failed to raise an objection to the Hotel Video at trial. *See Smith*, 459 F.3d at 1296.

*Smith*, 459 F.3d 1276, 1296 (11th Cir. 2006) (alteration in original) (quoting *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005)); *see also Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1307 n.2 (11th Cir. 2020) ("It is well established that 'the overruling of a motion in limine does not suffice" for preservation of an objection on appeal.' And where a party fails to renew its objection at trial, our review is only for plain error." (citations omitted) (quoting *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011))). "For there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002). Indeed, "[f]or the admission of evidence to constitute plain error, the evidence must have been so obviously inadmissible and prejudicial that, despite [the opposing party's] failure to object, the district court, *sua sponte*, should have excluded the evidence." *ML Healthcare Servs.*, 881 F.3d at 1305 (second alteration in original) (quoting *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008)).

Based on our review of the record, it was not plain error for the district court to admit the Hotel Video into evidence, as the Hotel Video was relevant to the issues at the heart of Ruiz's claims and to Ruiz's injuries. The Hotel Video showed hotel employees attempting to forcibly remove Ruiz from the stolen SUV, Ruiz fighting

17

them off, and then repeatedly crashing the vehicle into other cars and people with the driver's door open.  Because the Hotel Video is not "so clearly prejudicial to [Ruiz] that the district court erred in failing to *sua sponte* exclude or strike" the video, Ruiz has failed to demonstrate plain error as the admission of the Hotel Video. *Id.* at 1305.

### C.    Whether comments made by the Officers' counsel during trial were improper

Ruiz next argues that the Officers' counsel made inappropriate comments during trial that impaired the jury's ability to consider Ruiz's claims.  While Ruiz points to various instances of purportedly inappropriate commentary, Ruiz objected to only a few of these remarks.  Based on our review of the record, these comments, even considered together, do not warrant a new trial.

A party must raise an objection to errors in the opposing party's argument. *Oxford Furniture Cos. v. Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1128 (11th Cir. 1993).  When a timely objection is made, we must determine whether the inappropriate comment "impaired a substantial right of the objecting party." *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 335 (5th Cir. Unit B June 1981)[7]; *see also United States v. Azmat*, 805 F.3d 1018, 1044 (11th Cir. 2015) (explaining

---

[7] Decisions by the former Fifth Circuit issued before October 1, 1981, as well as decisions by the Unit B panel of the former Fifth Circuit, are binding precedent on this Court.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

that counsel's "remarks, suggestions, insinuations, and assertions are improper when they are calculated to mislead or inflame the jury's passions"). We consider "the entire argument, the context of the remarks, the objection raised, and the curative instruction," and inappropriate statements made by counsel will not justify a new trial unless the "remarks were 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" *Vineyard v. County of Murray*, 990 F.2d 1207, 1213 (11th Cir. 1993) (quoting *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988)); *accord Higgs*, 969 F.3d at 1307.

When no objections are raised to the allegedly improper comments, however, we review for plain error, "but a finding of plain error 'is seldom justified in reviewing argument of counsel in a civil case.'" *Oxford Furniture*, 984 F.2d at 1128 (quoting *Woods v. Burlington N. R.R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985)); *accord Higgs*, 969 F.3d at 1307. As noted above, plain error requires a showing that (1) an error occurred; (2) the error was plain; (3) it affected substantial rights; and (4) "not correcting the error would seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999); *accord Brough*, 297 F.3d at 1179. When the complaining party objects to some but not all allegedly improper statements, we apply these two differing standards while considering the record as a whole. *See Newman*, 648 F.2d at 335.

19

As to the objected-to comments, during opening statement, Ruiz objected to the Officers' counsel's references to evidence regarding the media's coverage of Ruiz's crimes and Officer Wing's taser log. During closing argument, Ruiz objected to the Officers' counsel's reference to the Officers as "heroes" and suggestion that Ruiz used some of the proceeds of the stolen property to purchase crack cocaine.

We conclude that these objected-to comments did not impair Ruiz's substantial rights. The reference to the media coverage of the carjacking did not serve to inflame and prejudice the jury, given the fact that the Hotel Video, which captured the events surrounding the carjacking, was played to the jury with Ruiz's consent. We similarly fail to see how counsel's reference to the amount of taser attempts in Officer Wing's taser log substantially prejudiced Ruiz's rights, given that Officer Wing testified as to the log. Regarding the reference to Ruiz's usage of crack cocaine, Ruiz admitted to using cocaine on the day of his arrest in his trial testimony, minimizing any prejudicial effect that would impair Ruiz's rights from the comment. And while counsel referenced the Officers as "heroes" in closing argument, we cannot say that this reference inflamed or provoked the jury when read in context of the entire closing argument. *See Vineyard*, 990 F.2d at 1213. We also note that the district court sustained Ruiz's objection as to the "heroes" remark, and Ruiz did not ask for a curative instruction.

20

Ruiz did not object to the remaining allegedly improper remarks by the Officers' counsel, including comments (1) regarding how and when the police tracked Ruiz's phone and how Ruiz was unaware of that information until trial; (2) implying that Ruiz had smoked crack cocaine prior to his arrest; (3) discussing other crimes and Ruiz's danger to the community; (4) bolstering the Officers' credibility; and (5) using loaded words such as "mayhem" and "tyranny," alluding to God, and disagreeing with Ruiz's account of events. Reviewing the record and trial transcripts, we conclude that Ruiz has failed to demonstrate plain error even considering these unobjected-to comments as a whole. These comments were not so inflammatory or unsubstantiated as to have provoked or confused the jury or to have substantially prejudiced Ruiz's rights and affected the fairness of the proceedings. *See Oxford Furniture*, 984 F.2d at 1128–29; *Brough*, 297 F.3d at 1179. Additionally, many of these comments could have been cured if Ruiz had objected and made such a request, but he did not do so. Thus, Ruiz has not shown reversible or plain error as to the allegedly improper comments by the Officers' counsel.

D.    **Whether the district court's questioning and comments to Ruiz and his counsel were prejudicial**

Ruiz also argues that the district court deprived him of a fair trial by directly questioning him during his examination and by commenting on his counsel's questioning and trial efficiency. Ruiz claims the district court improperly questioned

21

him on irrelevant and prejudicial topics and gave the jury the impression that Ruiz's counsel was inept.

Because Ruiz did not object to the district court's allegedly improper behavior, we may only order a new trial if we find plain error. *See Newman*, 648 F.2d at 334–35. In this context, plain error arises only if the district court's comments "were so prejudicial as to deny a party an opportunity for a fair and impartial trial." *Id.* at 335 (quoting *Miley v. Delta Marine Drilling Co.*, 473 F.2d 856, 857–58 (5th Cir. 1973)). For example, in *Newman*, this Court's predecessor ordered a new jury trial because the district court made comments that could have led the jury to conclude that the court favored the plaintiff's position. *See id.* at 336.

After reviewing the district court's questioning and comments in context of the trial, we do not find impropriety by the district court that jeopardized the fairness of the trial. Ruiz first points to the district court's questioning as to the "fence" who purchased the stolen goods from Ruiz. This questioning, however, was meant to correct Ruiz's counsel's mischaracterization of that person as a "pawn shop," which is a legitimate business. And the district court did not, by eliciting more information about the "fence," introduce irrelevant or prejudicial evidence. Similarly, the district court's other interruptions during the questioning of Ruiz were in response to Ruiz's evasive and off-topic responses when Ruiz was questioned about his prison sentence

22

and drug use on the day he was arrested. The district court simply asked pointed questions to move the trial along.

As to the district court's admonitions to Ruiz's counsel, these were not improper. Nor could they have been reasonably perceived by the jury as the district court's bias in favor of the Officers. The record shows the district court's ongoing attempts to have the trial proceed as efficiently as possible, without improper questioning or discussion of irrelevant topics. The comments cited by Ruiz follow prior warnings and instructions by the district court. As such, we find that they are neither unreasonable nor hostile. Moreover, as the Officers correctly point out, the district court also admonished the Officers' counsel when they asked improper questions and made inappropriate comments. For example, the district court directed the Officers' counsel to "calm down" at one point, interrupted the Officers' counsel when making argumentative questions or questions calling for hearsay, and repeatedly reminded the Officers' counsel to not lead the witnesses. Because the district court did not give the appearance that it favored the Officers over Ruiz nor otherwise deprived Ruiz of a fair trial, Ruiz failed to show plain error in the district court's questioning and commentary.

### E.     Whether Ruiz's motion for mistrial was erroneously not considered or denied

During the Officers' opening statement, Ruiz coupled his first two objections with references to a "motion" but did not state the grounds or request any relief.

23

Ruiz now claims that he intended to raise a motion for mistrial based on improper comments, and the district court erred in refusing to consider it or, alternatively, summarily denying it. We conclude that Ruiz failed to raise a cognizable motion for mistrial, and, even if he had made such a motion, the district court's summary denial of such a motion would not constitute reversible error.

While a motion made at trial need not be made in writing, it must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b); *accord Davis v. Hill Eng'g, Inc.*, 549 F.2d 314, 325 (5th Cir. 1977) ("[Federal Rule of Civil Procedure] 7(b)(1) requires that a motion state with particularity the grounds on which it is based."). As discussed above, to grant a motion for mistrial based on counsel remarks, the remarks must be "such as to impair gravely the calm and dispassionate consideration of the case by the jury." *See Vineyard*, 990 F.2d at 1213 (quoting *Allstate*, 845 F.2d at 318). And to find that the district court erred in not considering or denying a motion for mistrial, we must find that the allegedly improper commentary "impaired a substantial right of the objecting party." *See Newman*, 648 F.2d at 335.

Here, Ruiz first stated that he "[had] a motion," to which the district court responded, "I don't see the problem. I'm not going to hear any of that." After his second objection, Ruiz stated, "We are renewing our motion when you have time." The district court then directed the Officers' counsel to "[g]o on to something else."

24

Ruiz, however, never specified what type of "motion" he was seeking to make nor did he raise his motion at a later point during the trial proceedings. Without any indication in the record as to the substance of Ruiz's motion, we find that Ruiz did not assert a proper motion for mistrial under Rule 7(b).

But even if Ruiz had asserted a proper motion for mistrial, that motion only covered several objected-to comments made by the Officers' counsel during opening statement. And as discussed above, those comments did not impair the jury's ability to consider Ruiz's claims or impair a substantial right of Ruiz. *See Vineyard*, 990 F.2d at 1213; *Newman*, 648 F.2d at 335. Thus, even assuming that Ruiz properly raised a motion for mistrial, the district court's summary denial does not warrant a new trial.

### F.    Whether the district court erred in striking Ruiz's *pro se* motion for new trial

Finally, Ruiz argues that the district court erred in striking his *pro se* motion for a new trial as an unauthorized *pro se* filing. We find this argument without merit. "It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987). We also give great deference to a district court's interpretation of its local rules. *Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992).

25

Here, Ruiz's counsel filed a notice of appearance on behalf of Ruiz and did not seek to withdraw from the case after trial. Ruiz nonetheless filed a *pro se* Rule 59 motion for new trial. The local rules in the Southern District of Florida prohibit a represented party from appearing or acting on his or her own behalf unless the district court first enters an order of substitution. S.D. Fla. L.R. 11.1(d)(4); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or* by a party personally if the party is unrepresented." (emphasis added)).

Ruiz argues that he was not represented by counsel when he filed the *pro se* motion because his attorneys had only agreed to represent Ruiz *pro bono* for the trial. Even accepting this description of Ruiz's arrangement with his attorney as true—and that Ruiz's counsel was simply slow to formally withdraw his representation—Ruiz never sought an order of substitution from the district court following trial or at the time he filed his *pro se* motion for new trial in violation of the Southern District of Florida's local rules. *See* S.D. Fla. L.R. 11.1(d)(4). Ruiz further asserts that the local rules and *LaChance* should not apply to him based on his attorneys' *pro bono* participation through a volunteer program. We find this argument without merit, as there exists no authority or support for Ruiz's claimed exception. Therefore, when the district court struck Ruiz's *pro se* motion for a new

26

trial, it acted within its discretion and based on a permissible interpretation of its governing local rules.

Finally, Ruiz premised his motion for a new trial on the admission of the Hotel Video at trial. As we have previously explained, that argument is without merit. Thus, even considering the merits of Ruiz's motion, the district court did not abuse its discretion by striking Ruiz's motion for a new trial.

## IV.    CONCLUSION

For the foregoing reasons, we have jurisdiction to hear this appeal. And having examined each of Ruiz's arguments, we conclude that no error has been shown. Accordingly, we affirm both the district court's entry of final judgment in favor of the Officers and the district court's order striking Ruiz's *pro se* Rule 59 motion for new trial.

**AFFIRMED**.