[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11089

Non-Argument Calendar

_____

DAVID LAMARR LOVE,

Plaintiff-Appellant,

*versus*

ACTING SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,
et al.,

Defendants,

INSPECTOR MICHAEL MORALES,
Federal Protective Service,
JOHN DOE,

Security Officer, Federal Protective Service,

                                                    Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00083-RSB-CLR

————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

David Love, a *pro se* litigant and member of the Yamassee Indian Tribe of Seminoles in South Carolina, appeals the dismissal of his amended complaint for failure to state a claim. He sued Michael Morales, a federal agent, for questioning whether Love's tribal ID was fraudulent and seizing it pending an investigation. The government moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the out-come of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158,

23-11089               Opinion of the Court                3

1161-62 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review a district court's grant of a motion to dismiss *de novo*, accept the factual allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 863-64 (11th Cir. 2017). To survive a motion to dismiss, the complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.*

An appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *See Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). A party seeking to raise a claim or issue on appeal must plainly and prominently do so by, for example, devoting a discrete, substantial portion of his argumentation to that issue. *Id.* "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. United States*, 561 F.3d 1275, 1278 (11th Cir. 2009).

In applying the preceding principles, we will hold *pro se* pleadings to a less stringent standard and will liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But we will not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69. In addition, all litigants in federal court—*pro se* or

counseled—are required to comply with the applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Generally, we do not consider arguments raised for the first time on appeal in a civil case. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We have permitted issues to be raised for the first time on appeal under five circumstances: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the appellant had no opportunity to raise his objection to an order at the district court level; (3) the interest of substantial justice is at stake; (4) where resolution is beyond any doubt; and (5) the issue presents significant questions of general impact or great public concern. *Id.* at 1332. We have also stated that we review an argument raised for the first time on appeal for plain error. *See Ruiz v. Wing*, 991 F.3d 1130, 1141 (11th Cir. 2021).

Summary affirmance is warranted here because Love has abandoned on appeal any challenge to the district court's dismissal of his amended complaint. In his initial brief on appeal, Love made only passing reference to the district court's reasons for dismissing his complaint. Although he cites 18 U.S.C. § 1983 as providing a cause of action against Officer Morales, that statute provides a cause of action against state officers, not federal officers. He also cites the rule of law from *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which recognizes a cause of action against federal officers for violations of the Fourth Amendment. But he makes no argument connecting his complaints with *Bivens* or arguing that *Bivens* should be extended to the

facts of his case. *See Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022)(questioning whether *Bivens* may be extended to new circumstances). He also fails to provide any reasoning or argument as to how Morales's alleged actions violated any of his constitutional rights. *Sapuppo*, 739 F.3d at 681.

Due to his failure to challenge the court's reasoning, there is no substantial question about the outcome of the appeal, and summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, we **GRANT** the government's motion for summary affirmance and **AFFIRM** the district court.