[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14844
Non-Argument Calendar
_____

D.C. Docket No. 6:20-cv-00390-CEM-GJK


LILIBETH MICHELSON,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF THE ARMY AGENCY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Lilibeth Michelson, proceeding *pro se*, appeals the denial of her motion for reconsideration of the district court's order dismissing her civil-rights complaint against the Secretary of the Department of the Army ("the Army"). The district court dismissed Michelson's case, without prejudice, because of her failure to file a certificate of interested persons within a specified period of time. On appeal, Michelson argues that she never received the district court's orders directing her to submit a certificate of interested persons, and therefore she did not ignore or fail to comply with them. She further argues that the district court erred by refusing to consider the fact that she could not refile her complaint after it was dismissed because the limitations period had expired.[1]

We review a dismissal for failure to follow local court rules solely for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). We also review the denial of a motion for reconsideration solely for an abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

---

[1]    Although Michelson designated only the denial of her post-judgment motion for reconsideration in her notice of appeal, the arguments she raises on appeal challenge the underlying dismissal of her complaint as well, which reflects an "overriding intent" to appeal the original judgment. Thus, appellate jurisdiction exists to review that as well. *See Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738-39 n.1 (5th Cir. 1980); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (same). We have also considered, and rejected, the Army's contention that certain deficiencies in Michelson's *pro se* brief reflect an abandonment of her arguments on appeal.

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and thus are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, our duty to construe a *pro se* litigant's pleadings liberally does not authorize us to re-write the complaint for the plaintiff. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Similarly, despite the leniency afforded to *pro se* litigants, we nevertheless require them to conform to procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Accordingly, when a *pro se* plaintiff fails to follow local court rules, the district court may *sua sponte* dismiss a case pursuant to either (1) Federal Rule of Civil Procedure 41(b), or (2) the court's inherent power to manage its docket. *See Betty K Agencies*, 432 F.3d at 1337.

Where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing her claim because the limitations period has expired, that is "tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). "Dismissal with prejudice is a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Id.* Thus, a district court abuses its discretion by *sua sponte* dismissing a civil action with prejudice if (1) it fails to make a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding that the plaintiff acted willfully or that a

3

lesser sanction would not have sufficed. *See Betty K Agencies*, 432 F.3d at 1338-42. Nevertheless, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

There is "a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Florida E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). This "presumption of receipt" arises upon evidence that the item was properly addressed, had sufficient postage, and was deposited in the mail. *Id.* A party must do more than simply allege that she never received a mailed item in order to rebut the presumption. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241-42 (11th Cir. 2002).

For the following reasons, we conclude that the district court abused its discretion in dismissing Michelson's case. It is undisputed that the district court entered an order directing Michelson to file a certificate of interested persons by July 15, 2020. And although Michelson disputed ever receiving a copy of that order, a presumption of receipt follows proper mailing. Michelson has not offered any evidence to rebut that presumption apart from her bare allegation that she never received the order. Thus, we are required to presume that Michelson

4

received a copy of the district court's order in the mail, and it is undisputed that she did not file a certificate of interested persons within the time specified.

However, in dismissing Michelson's complaint, the district court did not make any finding that Michelson willfully disregarded its order, nor did it give any reason for concluding that a lesser sanction would not have sufficed. *See Betty K Agencies*, 432 F.3d at 1338-42. Importantly, we note that the dismissal of Michelson's complaint, although designated as "without prejudice," may have been "tantamount to a dismissal with prejudice" because, as Michelson admitted in her complaint, she received her notice of the right to sue from the Equal Employment Opportunity Commission in March of 2020. Thus, when the district court dismissed Michelson's case in August of 2020, more than 90 days had passed since she had received her notice of the right to sue, and she would have been unable to refile. *See Justice*, 6 F.3d at 1482 n.15; 42 U.S.C. § 2000e-16(c).

The district court gave two reasons for denying Michelson's motion for reconsideration, both of which we conclude are insufficient. First, the district court found that Michelson had adequate notice of its order—either because she was presumed to have received a copy in the mail or because she admitted to having access to PACER (where she could have viewed the order online). But while we agree that Michelson has failed to rebut the presumption of receipt, receipt alone

5

does not establish *willful* disregard of a court order.  Thus, the district court did not make any clear finding that Michelson willfully disobeyed its directive.

Second, the district court found that Michelson's argument regarding the statute of limitations was "unavailing" and "insufficient to warrant any kind of relief."  It is apparent from the face of Michelson's complaint, however, that her employment claims are now time-barred by the 90-day limitations period.  Furthermore, courts are obligated to liberally construe the pleadings and arguments of *pro se* litigants.  Consequently, we interpret Michelson's filings as fairly raising the valid argument that dismissal would be an unduly harsh sanction in her case, given that any such dismissal effectively would be with prejudice.  The district court therefore should have considered whether a lesser sanction would have sufficed under these circumstances.

Accordingly, we conclude that the district court abused its discretion in dismissing Michelson's complaint.  We therefore vacate the dismissal and remand the case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**