[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10154

Non-Argument Calendar

_____

KEVIN CICHOWSKI,
STANLEY CICHOWSKI, JR.,

Plaintiffs-Appellants,

*versus*

DISCOVER BANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00992-WWB-LLL

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley and Kevin Cichowski ("the Cichowskis") appeal the district court's order dismissing without prejudice their *pro se* complaint, alleging violations of the Fair Credit and Reporting Act and breach of contract, for failure to comply with a court order and failure to prosecute. The Cichowskis argue on appeal that the district court abused its discretion by dismissing their case because it did not give them sufficient notice of its intent to do so, stating that they received in the mail at the same time both the court's order to show cause[1] and its final order of dismissal.

We review a dismissal for failure to prosecute for abuse of discretion. *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). "We review for abuse of discretion a district court's dismissal for failure to comply with the rules of court." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). We give "liberal construction to the pleadings of *pro se* litigants, [but] 'nevertheless [require] them to conform to procedural rules.'"

_____

[1] The district court's order to show cause was filed on December 6, 2023. The order explained that they were required to file a case management report or else the case would be dismissed. This information had previously been given to them in the district court's August 28, 2023, notice and October 3, 2023, notice.

*Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). A district court has the authority to *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b) and under its inherent power to manage its docket. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Under Rule 3.02 of the Middle District of Florida's local rules, parties to a suit must file a case management report within 40 days after any defendant appears in the action. M.D. Fla. Local Rule 3.02(a)(2), (b)(1). Under Rule 3.10, "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." *Id.* 3.10.

"A district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ a fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal quotation marks and citations omitted).

Under Fed. R. Civ. P. 5(b), service of a document can be made by "mailing it to the person's last known address--in which

event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). There is "a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). "The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. The presumption is, of course, rebuttable." *Id.* "'The presumption so arising is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business.'" *Id.* at 851 n.1 (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)). To defeat this presumption, more is needed than affidavits merely stating that a party did not receive the purportedly mailed items. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1240-42 (11th Cir. 2002). "When the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005).

The district court did not abuse its discretion by dismissing the Cichowskis' case without prejudice because, by mailing its order to show cause to them, it gave them sufficient advance notice of its intent to do so. Further, the Cichowskis have failed to rebut the presumption that they received the order to show cause in a timely manner.

The Cichowskis do not dispute the reasoning of the court's order of dismissal. Rather, they solely argue that the court's dismissal was improper because it did not provide them with sufficient

notice of its intent to dismiss the case, as it was required to do. *Tazoe*, 631 F.3d at 1336. However, the court properly served the order on the Cichowskis by mailing it to them. *See* Fed. R. Civ. P. 5(b)(2)(C). The presumption of receipt is triggered here because the Cichowskis concede that they received the order, which means that it must have been properly mailed to them. *See Konst*, 71 F.3d at 851. Further, they are presumed to have received the order with sufficient time to respond because, "[w]hen the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail." *See Kerr*, 427 F.3d at 953 n.9.

The Cichowskis assert that they rebutted the presumption of receipt through their statement that they did not receive the order to show cause until after the court already had dismissed their case, but their statement on its own is insufficient. *See Barnett*, 283 F.3d at 1240-42. Even if their allegations relating to the delays in the USPS's delivery of mail were properly before this Court, those allegations are not sufficient in combination with the above statement to rebut the presumption of receipt because it does not show specifically that the mailed letter at issue here was not timely delivered. Rather, their argument relies on the speculation that, because the USPS is generally experiencing delays, notice of the order to show cause did not arrive to their address until over a month after it was issued, which specific contention is not supported by the cited evidence.

Therefore, the Cichowskis have failed to rebut the presumption that they received in a timely fashion notice of the court's

order to show cause stating its intent to dismiss the case if they did not comply with Local Rule 3.02. *Konst*, 71 F.3d at 851; *Kerr*, 427 F.3d at 953 n.9. For that reason, the district court complied with the notice condition required of it before dismissing the Cichowskis' case. *See Tazoe*, 631 F.3d at 1336; *Moon*, 863 F.2d at 837. Thus, the Cichowskis have failed to show that the district court abused its discretion on the only ground that they have raised on appeal.

**AFFIRMED.**